IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. MARK A. BARRY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 2:17-cv-03003-PD |
| | : |
| DEPUY SYNTHES PRODUCTS, INC. | : |
| MEDICAL DEVICE BUSINESS | : |
| SERVICES INC., AND DEPUY | : **Oral Argument Requested** |
| SYNTHES SALES, INC. (D/B/A | : |
| DEPUY SYNTHES SPINE), | : |
| | : |
| Defendants. | : |

**DR. BARRY'S SUR-REPLY IN OPPOSITION TO DEPUY'S MOTION
TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY
OF DR. WALID YASSIR**

DePuy is apparently proud of its cross-examination of Dr. Yassir, on which it relies exclusively to suggest he did not apply the Court's construction of "handle means" – the same construction Dr. Yassir cites in his report and has applied in two prior proceedings – but remarkably does not wish to conduct its cross-examination for the jury.  Rather, DePuy asks the Court to exclude Dr. Yassir, without ever meaningfully disputing Dr. Yassir's actual conclusion that DePuy's products contain portions specifically designed to be grasped by the hand for purposes of derotating vertebrae, a conclusion that is well supported in Dr. Yassir's report including by reference to DePuy's own manuals which instruct surgeons to use its Quick Sticks to derotate the spine by grasping the proximal end of the tube portion.  *See, e.g.*, No. 2:17-cv-03003-PD, Dkt. No. 140-9 ¶¶ 109-110, 113-114, 122, 134, 162, 172, 184-185, 213, 262.

**I.      DePuy's Resort to Dictionaries Ignores that Its Quick Sticks Are Tools.**

At page 3 of its Reply, DePuy states its narrow proposed construction of handle means "is premised on a dictionary definition" but, yet again, DePuy leaves out important context.  As the Court noted in its *Markman* ruling, "[t]he specification describes the 'handle means' as part of the 'pedicle screw cluster derotation *tool*,' to which forces are 'transferred and dispersed.'" No. 2-17-cv-02998-PD, Dkt. No. 199 at 11 (emphasis added).  Merriam-Webster's Dictionary defines tool as "a handheld device that aids in accommodating a task" or

"something used in performing an operation." This is precisely what Dr. Yassir showed in detail in his report using DePuy's own instructions. No. 2:17-cv-03003-PD, Dkt. No. 140 at 13-14.

Nor does DePuy's Reply address the legal framework applicable at this stage of the case (*id.* at 22-23): how a person of ordinary skill in the art would understand a plain and ordinary meaning, such as the dictionary meanings DePuy proffers, is a factual application for the jury. *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568-69 (Fed. Cir. 1997). In an attempt to evade this reality, DePuy's Reply mis-states its own argument, as requiring only that "designed especially" be given some meaning. Reply at 3. In fact, DePuy's motion requires giving those words a very specific, narrow meaning that the Court has already rejected: one that requires, effectively, a separate or sole purpose requirement, or, as DePuy puts it, a purpose "singled out above all others." *Id.* at 3. That is incorrect. For a tool to be designed especially to be grasped by the hand the maker need only intend the user to grasp it for its use.[1] That is precisely what Dr. Yassir pointed out in his Report, which DePuy tries to sweep away. No. 2:17-cv-03003-PD, Dkt. No 140 at 13-14.

---

[1] DePuy suggests the context of the PTAB's statements are irrelevant, Reply at 6, but DePuy does not dispute, because it cannot, that had the PTAB meant that the ends of the Lenke tubes, which DePuy has argued its Quick Sticks are just like (No. 2:17-cv-03003-PD, Dkt. No. 140 at 5 n.3), did not have handle means under its construction, then the PTAB would never have granted the Petition.

Ignoring that the claims concern tools (and specifically tools for the purpose of derotation), DePuy resorts to its cup analogy. Reply at 1. The Court will recall the *Markman* hearing explored a different analogy – torque wrenches. DePuy showed images of torque wrenches – actual tools, not coffee cups – and argued inline handles would not qualify as handle means. But Dr. Barry explained even if unitary, it would still have a handle. No. 2-17-cv-02998-PD, Dkt. No. 154 at 89:2-20. **The Court agreed**. *Id.*, Dkt. No. 199 at 13-14 ("There is no language in either specification that requires the shaft and handle to be 'separate' or 'distinct' objects. Accordingly, I will not construe the term as such."). Now, DePuy leaves the toolshed for the kitchen while ignoring that the cup on the left has a handle means – a part intended to be grasped by the hand – so it can be lifted, just not a separate handle. Of course, DePuy is free to argue its analogy to the jury.

DePuy argues in passing that it did not concede the outcome. Reply at 4, n.3. But DePuy's footnote shows that it did. DePuy argued the Court should not adopt Dr. Barry's construction and, as DePuy puts it, Dr. Yassir's "anticipated" application because, as DePuy noted, under this construction the ends of the Quick Sticks would be handles. But the Court *did* adopt that construction with awareness of DePuy's position, and Dr. Yassir applied that construction.

Stripping away all the distractions, the question at this point of the case is the following: Do the DePuy products have parts "designed especially to be

- 3 -

grasped by the hand"?  Dr. Yassir's report roundly supports his conclusion that, yes, they do.  *See, e.g.*, No. 2-17-cv-03003-PD, Dkt. No. 140-9 ¶¶ 109-110, 113-114, 122, 134, 162, 171-75, 178-80, 213, 262.  Now the jury must decide that fact.

## II.     Dr. Yassir's Report Details Infringement

Rather than address the substance of Dr. Yassir's detailed 254-page report, which DePuy almost ignored entirely in its opening motion, DePuy wrongly asserts that "Yassir did not label or annotate these images in any way, ***nor did he identify the specific part of the construct he regarded as the 'handle means'***".  Reply at 7 n.5.  Dr. Yassir's



report makes clear that DePuy plainly intends a surgeon to grasp the Quick Stick and specifically, the "proximal end" of the Quick Stick which comprises a handle means.  No. 2-17-cv-03003-PD, Dkt. No. 140-9 at ¶¶ 171-172.  DePuy tries to get around the conclusion expressed in Paragraph 172 of Dr. Yassir's report but, in fact, that paragraph applies both the proper construction and also the construction DePuy will rely on at trial to suggest it is not liable for willful infringement.

Putting aside that the reasonableness of DePuy's belief it would not have infringed under its thrice rejected claim construction is ***squarely a question for the jury***, *see* Federal Circuit Model Patent Jury Instruction, B.3, 3.10 Willful Infringement, July 2016 ("You must evaluate whether the opinion was of a quality

- 4 -

that reliance on its conclusions was reasonable."), Paragraph 172 of Dr. Yassir's Report states "***as explained above***, the proximal ends of the Quick Sticks that form the handles . . .", making express reference to his analysis of DePuy's instructions ***under the Court's construction***.  No. 2-17-cv-03003-PD, Dkt. No. 140-9 at ¶ 172.  To suggest that this analysis is ***only*** applicable to DePuy's construction ignores that Dr. Yassir is explaining how the Quick Stick functions.  That testimony is relevant regardless of whether Dr. Yassir reaches a conclusion under the correct construction, or under DePuy's construction.

Unable to deal with Dr. Yassir's Report, DePuy again turns to now rebuffed assertions that its cross-examination shows Dr. Yassir failed to apply the Court's construction.  These issues were almost all addressed in Dr. Barry's response brief (*id.*, Dkt. No. 140 at 22), and require only the following quick additional points.

First, at pages 63-64 of his deposition, Dr. Yassir was not asked whether the entire construct was a handle means; the question was squarely "color in yellow the first handle means in this construct and color in pink the second handle means." *Id.*, Dkt. No. 140-11 at 63:18-20.  This relates to the issue of whether the tool has two[2] identifiable handle means.  *Id.*, Dkt. No. 140 at 20-22.  DePuy's myopic focus

---

[2] With regard to whether Dr. Yassir identifies two separate handle means, this was addressed in detail at No. 2-17-cv-03003-PD, Dkt. No. 140-4 at 20-22.  Again, DePuy ignores Dr. Yassir's report.  DePuy suggests that when Dr. Yassir said "can" or "could" in reference to how one counts the handles, this is not applying the Court's construction.  This again ignores the opinion:  that it does not matter

on "handle means" to simplify the claims demonstrates why its questioning does not create a Daubert issue, but rather is simply an attack on the weight of Dr. Yassir's testimony.  DePuy never asked Dr. Yassir to identify a "derotation tool," of which the handle means linking together the engagement members for simultaneous derotation is merely a part.  Thus, when Dr. Yassir highlights all of the parts of a construct which are designed to be grasped by the hand and which the surgeon can manipulate the vertebrae *once constructed*, he is identifying the first and second handle means of the claimed "derotation tool."  Dr. Yassir explained this, but DePuy ignores both the explanation and the context of the claims.  No. 2-17-cv-03003-PD, Dkt. No. 134-5 at 72:23-73:1 ("Once they're, once they're linked, they're all – they all function the same way.").

Second, at page 71-73 of his deposition Dr. Yassir is being asked to identify the linking member of the shown construction, which he does.  Even the right hand image at page 9 of DePuy's reply shows this (highlighted in yellow).  But more telling is that the questions about relative importance at page 71 of Dr. Yassir's deposition were not about the DePuy product, *but about Dr. Barry's exemplary*

---

where you start counting as long as there are two.  And that is precisely what Dr. Yassir did when he answered the question of what part can constitute the first and second handle means.

*figure*.  *Id.*, Dkt. No. 134-5 at 67:2-71:14 (not asking about the DePuy product, but Figure 1).  We are beyond claim construction and on to factual application.

Attacking the conclusions Dr. Yassir has drawn based on a claim construction this Court adopted aware that Dr. Barry would assert the ends of the Quick Sticks are "handle means" is appropriate for cross-examination, not exclusion.  *See Vitale v. Electrolux Home Prods., Inc.*, No. 15-CV-01815-RAL, 2018 WL 3868671, at *9 (E.D. Pa. Aug. 14, 2018) (holding that material subject to cross-examination at trial is the vehicle to challenge the weight of opinions given under appropriate methodology).

## II.  Conclusion

For the reasons set forth above and in Dr. Barry's Response, Dr. Barry respectfully requests that DePuy's Motion be denied.  Further, in light of the issues raised by DePuy in its Motion and Reply, Dr. Barry respectfully requests the opportunity to present oral argument telephonically or by whatever other means that Court prefers.

|  |  |
|---|---|
| Dated: May 7, 2020 | Respectfully Submitted, |
| KILPATRICK TOWNSEND & STOCKTON, LLP | HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER |
| By: */s/D. Clay Holloway*<br>D. Clay Holloway (*pro hac vice*)<br>Mitchell G. Stockwell (*pro hac vice*)<br>Suite 2800, 1100 Peachtree Street NE | By: */s/ Jonathan L. Cochran*<br>Robert L. Ebby (Attorney ID No. 74249)<br>Jonathan L. Cochran (Attorney ID No. 314382)<br>One Logan Square, 27th Floor |

- 8 -

Atlanta, GA, 30309-4528
(404) 815-6537
cholloway@kilpatricktownsend.com
mstockwell@kilpatricktownsend.com

Dario Alexander Machleidt (*pro hac vice*)
Kathleen R. Geyer (*pro hac vice*)
Suite 3700, 1420 Fifth Avenue
Seattle, WA 98101
(206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com

Andrew W. Rinehart (*pro hac vice*)
1001 West Fourth Street
Winston-Salem, NC 27101
(336) 607-7312
arinehart@kilpatricktownsend.com

Taylor J. Pfingst (*pro hac vice*)
Suite 1900, 2 Embarcadero Center
San Francisco, CA 94111
(415) 273-4304
tpfingst@kilpatricktownsend.com

Philadelphia, PA  19103
(215) 568-6200
rebby@hangley.com
jcochran@hangley.com

*Counsel for Plaintiff Dr. Mark A. Barry*

CERTIFICATE OF SERVICE

I, Jonathan L. Cochran, certify that on May 7, 2020, I caused a true and correct copy of the foregoing Dr. Barry's Sur-Reply in Opposition to DePuy's Motion to Exclude Certain Opinions and Testimony of Dr. Walid Yassir to be filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants.

                                                       */s/ Jonathan L. Cochran*
                                                          Jonathan L. Cochran